**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**MATTHEW INGE,**

*Plaintiff,*

v.

**PILOT CATASTROPHE SERVICES, INC.,**

*Defendant.*

Case No. ______________

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiff Matthew Inge ("Plaintiff" or "Inge"), by and through his undersigned counsel, files this Complaint against Defendant Pilot Catastrophe Services, Inc. ("Defendant" or "Pilot"), and in support thereof states as follows:

**NATURE OF THE ACTION**

1. This is an action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to recover unpaid overtime compensation, liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs from Pilot for its willful failure to pay Plaintiff overtime wages as required by law.

2. Pilot employed Plaintiff on a day-rate basis, paying him a fixed amount for each day worked without regard to the number of hours worked in a given day or workweek, and without any guaranteed minimum weekly salary. Despite routinely requiring and permitting Plaintiff to work in excess of forty (40) hours per workweek, Pilot failed to compensate Plaintiff at the overtime rate of one and one-half (1½) times

his regular rate of pay for all hours worked over forty (40) in a workweek, in violation of the FLSA.

3. The United States Supreme Court's decision in *Helix Energy Solutions Group, Inc. v. Hewitt*, 598 U.S. 39 (2023), confirms that an employee paid on a day-rate basis without a guaranteed minimum weekly amount does not satisfy the "salary basis" test required for exemption from the FLSA's overtime requirements under 29 C.F.R. § 541.602.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b), which authorizes employees to bring actions for unpaid overtime compensation in any federal or state court of competent jurisdiction.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and/or because Pilot is subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff Matthew Inge is a natural person domiciled in the State of Alabama and within this judicial district. At all relevant times, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

8. Defendant Pilot Catastrophe Services, Inc. is a corporation organized

and existing under the laws of the State of Alabama, with its principal place of business at 1055 Hillcrest Road, Suite F4, Mobile, AL 36695.

9. At all relevant times, Pilot was an "employer" within the meaning of 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

### *A. Plaintiff's Employment*

10. Pilot hired Plaintiff in or around August 2021 to work in Pilot's compliance and call center department before promoting him to desk adjuster working on property insurance claims.

11. Plaintiff quit employment with Pilot on May 5, 2026.

12. At all times during the relevant period, Plaintiff's primary duties involved desk adjusting insurance claims arising from property damage.

13. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance, did not manage other employees, and did not perform duties that would qualify him for any exemption under the FLSA or its implementing regulations.

### *B. Day-Rate Compensation Structure*

14. From August 2021 to September 2023, Pilot compensated Plaintiff on an hourly basis, paying between $11 and $15 per hour based on a forty (40) hour work week.

15. In or around September 2023, Pilot changed Plaintiff's compensation scheme, instead compensating Plaintiff on a "day rate" basis, paying him a fixed amount per quarter (1/4) day worked.

16. For each full, four quarter day worked by Plaintiff, he was paid $56.25 per quarter day ($225 for a full day) initially, increased to $62.50 per quarter day ($250 for a full day) by the time Plaintiff left Pilot.

17. Plaintiff's compensation was determined solely by the number of quarter days he worked. He was not guaranteed any minimum weekly salary. If Plaintiff did not work on a given day, he received no pay for that day.

18. Pilot did not guarantee Plaintiff any minimum weekly compensation that bore a reasonable relationship to the amount he actually earned. Plaintiff's weekly pay varied based entirely on the number of quarter days worked.

19. Plaintiff's day-rate compensation did not satisfy the "salary basis" test set forth in 29 C.F.R. § 541.602 because: (a) Plaintiff was not paid a predetermined, fixed amount on a weekly or less frequent basis; (b) Plaintiff's pay was subject to reduction based on variations in the quantity of work performed; and (c) Plaintiff was not guaranteed a minimum weekly amount that bore a reasonable relationship to his total compensation.

***C. Hours Worked and Failure to Pay Overtime***

20. During the relevant period, Plaintiff regularly worked in excess of forty (40) hours per workweek. During busy periods following certain events like hurricane landfalls, Plaintiff worked twelve (12) hour days seven (7) days a week.

21. Pilot knew or should have known that Plaintiff was working in excess of forty (40) hours per workweek. Pilot required, permitted, and/or suffered Plaintiff to work these hours.

22. Despite Plaintiff's hours worked in excess of forty (40) per workweek, Pilot paid Plaintiff only his flat daily rate and failed to pay Plaintiff any overtime premium—i.e., one and one-half (1½) times his regular rate of pay—for hours worked over forty (40) in a workweek, as required by 29 U.S.C. § 207(a)(1).

23. Pilot did not maintain accurate records of all hours worked by Plaintiff each workweek, in violation of its recordkeeping obligations.

***D. Defendant's Willful Conduct***

24. Pilot's violations of the FLSA were willful. Pilot either knew or showed reckless disregard for the fact that its day-rate pay structure violated the FLSA's overtime requirements.

25. Pilot knew or should have known of the FLSA's requirements, including the salary basis test and the obligation to pay overtime to non-exempt employees. Pilot had access to legal counsel, payroll professionals, and/or human resources personnel, yet failed to comply with the FLSA's overtime provisions.

26. The Supreme Court's decision in *Helix Energy Solutions* was issued on February 22, 2023. Pilot continued to pay Plaintiff on a day-rate basis without overtime compensation after that date. This conduct demonstrates willful disregard of established law.

27. Because Pilot's violations were willful, the applicable statute of limitations is three (3) years rather than two (2) years pursuant to 29 U.S.C. § 255(a).

## CLAIMS FOR RELIEF

### COUNT I
### Failure to Pay Overtime Compensation

28. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

29. At all relevant times, the FLSA required Pilot to compensate Plaintiff at a rate of not less than one and one-half (1½) times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

30. Plaintiff was not exempt from the FLSA's overtime requirements. Plaintiff's day-rate compensation, with no guaranteed minimum weekly salary, did not satisfy the salary basis test of 29 C.F.R. § 541.602.

31. Pilot failed to pay Plaintiff overtime compensation at the rate required by law for hours worked in excess of forty (40) per workweek.

32. As a direct and proximate result of Pilot's violations, Plaintiff has suffered damages in the form of unpaid overtime compensation in an amount to be determined at trial.

## COUNT II
## Willful Violation of the FLSA Overtime Provisions

33. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

34. Pilot's failure to pay Plaintiff overtime compensation was willful. Pilot knew or showed reckless disregard for the requirements of the FLSA, including the overtime provisions and the salary basis regulations.

35. Because Pilot's violations were willful, Plaintiff is entitled to a three-year statute of limitations on his claims pursuant to 29 U.S.C. § 255(a), and to recover

all unpaid overtime wages within the three-year period preceding the filing of this Complaint.

**COUNT III**
**Liquidated Damages Under the FLSA**

36. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

37. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover liquidated damages in an amount equal to the unpaid overtime compensation owed.

38. Pilot cannot demonstrate good faith or reasonable grounds for believing its day-rate compensation structure complied with the FLSA.

**COUNT IV**
**Failure to Maintain Accurate Records in Violation of the FLSA**

39. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

40. The FLSA requires employers to make, keep, and preserve records of each employee's hours worked each workday and total hours worked each workweek.

41. Upon information and belief, Pilot failed to accurately record and maintain records of all hours worked by Plaintiff, including overtime hours.

42. As a result of Pilot's failure to maintain accurate time records, Plaintiff is entitled to the burden-shifting framework established in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Matthew Inge respectfully prays that this Court enter

judgment in his favor and against Defendant Pilot Catastrophe Services, Inc. as follows:

**A.** A declaration that Defendant Pilot Catastrophe Services, Inc. violated the FLSA's overtime compensation requirements;

**B.** An award of all unpaid overtime compensation due to Plaintiff;

**C.** An award of liquidated damages in an amount equal to the unpaid overtime compensation;

**D.** Prejudgment interest;

**E.** Reasonable attorneys' fees and costs;

**F.** Post-judgment interest; and

**G.** Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

*/s/ Kristopher O. Anderson*
KRISTOPHER O. ANDERSON
AL Bar No.: ASB-4318-O68A

*/s/ John Parker Yates*
JOHN PARKER YATES
AL Bar No.: ASB-1155-O68Y

*/s/ Robert S. Walker*
ROBERT S. WALKER
AL Bar No.: ASB-7312-L17F

*/s/ Michael A. Rogers*
MICHAEL A. ROGERS

AL Bar No.: ASB-8291-G67A

YATES ANDERSON
4851 Wharf Parkway, Ste D-230
Orange Beach, AL 36561
kris@yatesanderson.com
parker@yatesanderson.com
robert@yatesanderson.com
mike@yatesanderson.com
*Attorneys for Plaintiffs*

**PLEASE SERVE DEFENDANT VIA CERTIFIED U.S. MAIL AS FOLLOWS:**

Pilot Catastrophe Services, Inc.
John C. Bell, Registered Agent
1055 Hillcrest Road, Ste F4
Mobile, Alabama 36695