**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MATTHEW INGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL CASE NO. 1:26-cv-00180-KD-B** |
| | ) | |
| **PILOT CATASTROPHE SERVICES INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on Defendant's Unopposed Motion to Stay All Case Deadlines Pending Arbitration. (Doc. 6).

I. Background

Pilot Catastrophe Services ("Pilot") employed Inge from August 2021 to May 2026. (Doc. 1 at 3). In connection with his employment, Inge and Catastrophe Management Solutions Inc. entered into an Arbitration Agreement. (Doc. 6 Exhbt. A). The Agreement is "governed by the substantive law of the State of Alabama (excluding any provisions relating to choice of law), subject to the provisions of the Federal Arbitration Act." (Id. at ¶ 15). It provides that "any dispute or claim . . . whether arising in tort, contract, statute, regulation, equity, common or other law, or otherwise," is subject to arbitration. (Id. at ¶ 4).

In May 2026, Inge filed suit against Pilot pursuant to the Fair Labor Standards Act. (Doc. 1). He alleges that, despite Inge often working "in excess of forty hours per workweek, Pilot failed to compensate [him] at the overtime rate of one and one-half (1½) times his regular rate of pay" for the excess hours worked. Id. at 1–2.

II. Analysis

In an unopposed motion, Pilot moves the Court to stay this action under 9 U.S.C. § 3. (Doc. 6). The statute provides for a stay of any suit or proceeding upon "application of one of the parties" if the Court is "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement[.]" 9 U.S.C. § 3. Pilot argues that the issue is referable because 1) the parties' relationship involves interstate commerce and 2) a written, valid, and enforceable Arbitration Agreement exists. (Doc. 6 at ¶¶ 2, 5).

Inge has agreed to submit his claims in this action to arbitration and does not oppose this Motion. Id. at ¶ 8.

The Court has considered Pilot's motion and argument. The Court has reviewed the Complaint and the Arbitration Agreement. Upon application of the "liberal federal policy favoring arbitration agreements" Bazemore v. Jefferson Cap. Sys., LLC, 827 F.3d 1325, 1329 (11th Cir. 2016) (citation omitted), and resolution of "any doubts concerning the scope of arbitrable issues … in favor of arbitration," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983), the Court is "satisfied that the issue involved" in this action against Pilot "is referable to arbitration under" the Arbitration Agreement. 9 U.S.C. § 3.

Specifically, a nexus to interstate commerce exists because the parties entered into a written, valid, and enforceable Arbitration Agreement which obligates Inge to arbitrate his dispute subject to the provisions of the Federal Arbitration Act. Also, Inge's FLSA claims come within the scope of the Arbitration Agreement's coverage of "any dispute or claim . . . whether arising in tort, contract, statute, regulation, equity, common or other law, or otherwise" that arises between the parties to the Contract.

III. Conclusion

For the reasons set forth herein, Pilot's motion (Doc. 6) is **GRANTED.** The parties shall arbitrate Inge's FLSA claims against Pilot. Accordingly, this action is **STAYED** with respect to these claims.

**The parties shall, on or before December 17, 2026, file a joint report to advise the Court as to the status of the arbitration.**

**DONE** and **ORDERED** this 17th day of September 2026.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE